
February 27, 2017

The Honorable Dee Hobbs
Williamson County Attorney
405 M.L.K. Street #7
Georgetown, Texas 78626

Opinion No. KP-0134

Re: Access to court records containing criminal history record information that is subject to an order of nondisclosure under chapter 411 of the Government Code
(RQ-0125-KP)

Dear Mr. Hobbs:

You ask what persons or agencies may have access to and may view criminal history record information that is subject to an order of nondisclosure under chapter 411 of the Government Code.[1] You state that Williamson County's court records information system, as presently utilized, allows members of the public and all district clerk and county clerk employees to access and view information subject to nondisclosure orders. Request Letter at 2. You further state that the information system vendor informed you that limiting access to the information to certain employees and excluding public access would require reprograming the system. *Id.* You are particularly concerned about general access to the records by employees of the district clerk and county clerk. *Id.* at 1–2.

Government Code chapter 411, subchapter E-1 governs a court's orders for the nondisclosure of certain criminal history record information. TEX. GOV'T CODE §§ 411.071–.0775. For persons convicted of particular crimes who meet certain requirements, a court may issue an order prohibiting criminal justice agencies from disclosing their criminal history record information to the public.[2] A "criminal justice agency" includes a "state agency that is engaged in the administration of criminal justice under a statute or executive order and that allocates a substantial portion of its annual budget to the administration of criminal justice." *Id.* §§ 411.071,

---

[1]Letter from Honorable Dee Hobbs, Williamson Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Aug. 22, 2016) and Supplemental Letter to Virginia K. Hoelscher, Chair, Opinion Committee, Office of the Tex. Att'y Gen. at 1 (Sept. 29, 2016), https://www. texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "Supplemental Letter," respectively). Although your initial letter references statutes that were renumbered and amended in 2015, we address only the current statutes.

[2]*See* TEX. GOV'T CODE §§ 411.072(b) (order concerning specified nonviolent misdemeanors), .0725(d) (order concerning certain felonies and misdemeanors in specified circumstances), .0728(c) (order concerning offenses by victims of trafficking), .073(c) (order concerning misdemeanor offenses in certain circumstances), .0735(c) (order following period of confinement for certain misdemeanors).

.082(3)(A). After issuance of the order, the clerk of the court must send all relevant information contained in the order or a copy of the order to the Crime Records Service of the Department of Public Safety (the "Department"). *Id.* § 411.075(a). After sending the information to the Department, the clerk of the court must seal any court records containing information that is the subject of the order. *Id.* § 411.076(b). The Department must seal the information it receives from the clerk and then send the information or a copy of the order to, among others, all

> law enforcement agencies, jails or other detention facilities, magistrates, courts, prosecuting attorneys, correctional facilities, central state depositories of criminal records, and other officials or agencies or other entities of this state or of any political subdivision of this state.

*Id.* § 411.075(b)(1). These individuals and entities "shall seal any criminal history record information maintained by the individual or entity that is the subject of the order." *Id.* § 411.075(d). A court issuing a nondisclosure order may disclose such information in the court's records, and a criminal justice agency may disclose such information in its possession only to "(1) criminal justice agencies for criminal justice or regulatory licensing purposes; (2) an agency or entity listed in Section 411.0765; or (3) the person who is the subject of the order." *Id.* § 411.076(a) (disclosure by court); *see also id.* § 411.0765(a) (disclosure by criminal justice agencies). Subsection 411.0765(b) allows a criminal justice agency to disclose criminal history record information that is subject to a nondisclosure order only to thirty-one specified noncriminal justice agencies in particular circumstances. *Id.* § 411.0765(b). The list includes a district court concerning certain petitions for a name change and a county clerk's office concerning certain proceedings for the appointment of a guardian, but does not include district and county clerk employees as a general class. *Id.* § 411.0765(b)(7), (25); *see also id.* § 411.1386 (concerning access and court clerk responsibilities in guardianship proceedings).

Subchapter F further governs criminal history record information's use, disclosure, and access requirements, focusing on criminal history record information maintained by the Department. *Id.* §§ 411.081–.1410. Criminal history record information maintained by the Department is confidential, and the Department may not disseminate the information except as specifically authorized by statute. *Id.* § 411.083(a)–(c). Criminal history record information obtained from the Department may be disclosed by the recipient only to the extent authorized by statute, rule, or court order. *Id.* § 411.084(a)(2). A person who knowingly or intentionally "obtains criminal history record information in an unauthorized manner, uses the information for an unauthorized purpose, or discloses the information to a person who is not entitled to the information" commits a criminal offense. *Id.* § 411.085(a)(1).

Subchapters E-1 and F do not directly address who may access criminal history record information maintained in a clerk's office, focusing instead on nondisclosure and authorized disclosure after the information has been sealed. Because the purpose of a nondisclosure order is to prohibit the disclosure of criminal history record information to the public, the public is not entitled to general access to criminal history record information that is subject to a court's nondisclosure order. *See, e.g., id.* §§ 411.072(b) (stating that the order "prohibit[s] criminal justice agencies from disclosing to the public criminal history information related to" certain offenses),

.0725(d) (same), .0728(c) (same). And while subchapters E-1 and F authorize disclosure to certain persons and entities, the statutes do not address whether such persons and entities may access a clerk's electronic information system to obtain criminal history record information. *See id.* §§ 411.076(a), .0765(a) (authorizing disclosure only to criminal justice agencies for criminal justice or regulatory licensing purposes to the person who is the subject of the order, or to an agency or entity listed in section 411.0765(b) of the Government Code).

Subchapters E-1 and F also do not address whether a clerk may allow all deputies or other employees to access criminal history record information. In three instances, the subchapters mention the "office" of a district or county clerk. Section 411.083 states that the Department must grant access to its information to "a county or district clerk's office," but "only to the extent necessary for a county or district clerk to perform a duty imposed by law to collect and report criminal court disposition information." *Id.* § 411.083(b)(7), (c). Section 411.0765 authorizes a criminal justice agency to disclose such information to a "county clerk's office" for specific guardianship proceedings. *Id.* § 411.0765(b)(25). And section 411.0745 requires a "county or district clerk's office that maintains an Internet website" to include applications for a nondisclosure order. *Id.* § 411.0745(d). But it is the "clerk of the court issuing an order of nondisclosure," *id.* § 411.076(b), who has the duty to seal the criminal record history information pursuant to court order and to send a copy of the information or the order to the Department. *Id.* § 411.075(a). And criminal history record information, whether derived from a local court or the Department, must remain sealed and may be disclosed only as statutorily authorized. *See id.* §§ 411.076(a), .0765(b); *see also id.* §§ 411.0765(b)(7), (25) (authorizing clerks to disclose such information for limited civil purposes), .084(a)(2) (stating that information obtained from the department "may be disclosed or used by the recipient only if, and only to the extent that, disclosure or use is authorized or directed by" statute, rule, or court order).

In general, a clerk may utilize deputies to perform the clerk's duties. *See* TEX. LOC. GOV'T CODE § 82.005(c) (stating that a "deputy clerk acts in the name of the county clerk and may perform all official acts that the county clerk may perform"); TEX. GOV'T CODE § 51.309(a) ("deputy clerk may perform in the name of the district clerk all official acts of the office of district clerk"). Thus, a clerk may authorize deputies and other staff to access criminal history record information as necessary to assist the clerk to carry out the specified authorized purposes of subchapters E-1 and F. *See Bullock v. Calvert*, 480 S.W.2d 367, 372 (Tex. 1972) (determining that public officers possess implied authority reasonably necessary to carry out duties imposed by statute). But because section 411.085 prohibits any person from obtaining, using, or disclosing such information except as specifically authorized, a clerk's deputies or other employees may access information only for authorized purposes under subchapters E-1 and F. TEX. GOV'T CODE § 411.085(a)(1).

The clerk's duty to seal criminal history record information and to allow disclosure for only authorized purposes indicates that the clerk should restrict access to the information to only those deputies or other employees who perform duties under subchapters E-1 and F. While the subchapters do not specify the measures required to seal criminal history record information in electronic form, a court could conclude that a district or county clerk employee who accesses criminal history record information when such access is not authorized violates the nondisclosure order. *See id.* § 411.085(a)(1). A court could also conclude that criminal history record

information that is generally accessible to all employees of a district or county clerk's office has not been sealed as required by subchapter E-1. What measures are necessary to adequately seal criminal history record information and orders, whether reprograming the county's system, establishing office protocols, or taking some other measures is ultimately a question of fact dependent on various factors that cannot be ascertained in the attorney general opinion process. *See* Tex. Att'y Gen. Op. No. KP-0047 (2015) at 3.

## S U M M A R Y

Pursuant to section 411.076 of the Government Code, a court may disclose criminal history record information subject to an order of nondisclosure only to criminal justice agencies for criminal justice or regulatory licensing purposes, to the person who is the subject of the order, or to an agency or entity listed in section 411.0765(b) of the Government Code. Such criminal history record information may not be disclosed to employees of a district or county clerk except as necessary for statutorily authorized purposes. The adequacy of measures necessary to seal criminal history record information involves questions of fact that cannot be determined in an attorney general opinion.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee